. Gum *v.* Frost and others.

*(District Court, S. D. New York.* ——, 1880.)

1. PART OWNER—EXECUTORS.—The executors of the deceased part owner of a vessel are not chargeable for necessaries supplied or money advanced the vessel after their testator's death, where they have done nothing to take the benefit of the employment of the vessel, nor given any authority to the master or ship's husband to act for them.

2. SAME—SAME.—It would be a breach of trust for executors to authorize the master or ship's husband, in the absence of an express power under the will, to act in such a matter for them, and no presumption can therefore arise that they have done so.

   *Stedman* v. *Fiedler*, 20 N. Y. 446.

In Admiralty.

*W. R. Beebe,* for libellant.

*John E. Parsons,* for respondents.

CHOATE, D. J. This is a suit brought by the libellant, who resides in London, England, against the owners of the ship

Princeton, an American vessel, to recover advances made to the master for the necessary disbursements of the ship while in the port of London, at the request of the master and of one Frost, who was a part owner, and at the time was acting as ship's husband. The advances were made between December, 1875, and February, 1876, and are alleged to have amounted to about $1,500. While all the owners are named in the libel as defendants, the only ones who have been served and who have appeared are the respondents Sturges, Mitchell, and Davis, who are sued as executors of Samuel L. Mitchell, deceased, and as such defend the action.

It appears that Samuel L. Mitchell died in 1873; that at the time of his death he was the owner of one-sixteenth part of the vessel; and that these defendants are his duly-qualified executors. The voyage upon which the vessel was when the advances were made by the libellant was therefore subsequent to the death of Mitchell, the part owner. No act of the executors is shown in any way indicating their assent to the employment of the ship, nor any express authority on their part to her employment on their account or for their benefit; nor does it appear that they have, since they qualified as executors, received any share in the earnings. Upon these facts the libellant insists that, as executors, these defendants became jointly the owner of their testator's sixteenth part, and that, as part owners, they are liable for necessaries supplied to the ship.

The liability of part owners for supplies furnished at the request of the master, or of another part owner, who is ship's husband, depends on the existence of the relation of principal and agent between the parties. Ordinarily, and in the absence of any prohibition or expressed dissent on the part of the owner sought to be charged, his consent to the employment of the vessel, and his assent to the expenditures, if necessary to the vessel in the due course of her employment, will be presumed. But it may be shown that he has actually parted with his interest, though still a registered owner, or that he has committed the vessel to the exclusive care and control of the other owners, and thereby disentitled himself to share in her earnings, or has expressly dissented from the employment

of the vessel, and communicated such dissent to the master or ship's husband; and in every such case it seems that he will not be liable, unless, indeed, by some previous act, he has misled the party furnishing the necessaries into the belief that he was liable.

The question is, was the master or part owner authorized by the defendants to make the contract for them? *Brodie* v. *Howard*, 17 C. B. 109; *Mitcheson* v. *Oliver*, 5 E. & B. 419; *Reeve* v. *Davis*, 1 Adol. & Ellis, 315; *Hackwood* v. *Lyall*, 17 C. B. 124; 1 Parsons, Sh. and Adm. 101; Abbott on Shipping, (11th Ed.) Upon the same principle, if the ship is chartered upon terms which give the charterer the entire control of the ship, he is regarded as owner *pro hac vice*, and the general owner is not liable. Nor does the exemption of the owner, or part owner, in the above cases, depend upon notice to the person supplying the necessaries or making the advances of the facts exempting him from liability. Same cases; also see *Macy* v. *Wheeler*, 30 N. Y. 231. Upon the principle of these decisions, the executors of a deceased part owner, especially if they have done nothing to take the benefit of the employment of the vessel, nor given any authority to the master or ship's husband to act for them, cannot be charged for necessaries supplied or money advanced after their testator's death, and in the course of a new adventure, for it cannot be presumed as to them that they have, as executors, consented to the employment of the vessel, or the expenditure of the money, in prosecuting the voyage. As executors, to whom falls the interest of their testator in the ship, they have no rightful authority to conduct a mercantile adventure for the purpose of making the property available or remunerative. Their power and duty is only to hold and sell and convert the assets into money. Indeed, if they joined in the adventure, while they might make themselves individually responsible, they would have no power to charge the estate for any loss, nor would the assets in their hands be chargeable on account of the business. *Labouchere* v. *Tupper*, 11 Mo. P. C. 221; *Bacon* v. *Pomeroy*, 104 Mass. 582; 3 Williams on Ex'rs, (6th Am. Ed.) 179, and notes. It follows that, as it would be

unlawful and improper, and a breach of trust, for executors to authorize the master or ship's husband to act in such a matter for them, no presumption can arise that they have done so. In the case of *Stedman* v. *Fiedler,* 20 N. Y. 446, it was expressly so held by the New York court of appeals in respect to an administrator. The decision is clearly in accordance with the authorities above cited, and no distinction can be made between executors and administrators, no express power under the will being shown to confer any unusual power on these defendants.

Libel dismissed, with costs as to the defendants Sturges, Mitchell, and Davis, executors.